# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:20-cv-00119-BAH |
| U.S. DEPARTMENT OF AGRICULTURE, *et al.*, | |
| Defendants. | |
| BREAD FOR THE CITY, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:20-cv-00127-BAH |
| UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, | |
| Defendants. | |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT
## OF STATE PLAINTIFFS

## ANSWER

Defendants the United States Department of Agriculture ("UDSA"), George Ervin Perdue III in his official capacity as Secretary of USDA, and the United States of America hereby respond to the First Amended Complaint of Plaintiffs the District of Columbia, the State of New York, the State of California, the State of Colorado, the State of Connecticut, the State of Hawaii, the State of Illinois, the State of Maine, the State of Maryland, the Commonwealth of Massachusetts, Attorney General Dana Nessel on behalf of the People of Michigan, the State of Minnesota, the State of Nevada, the State of New Jersey, the State of New Mexico, the State of Oregon, the Commonwealth of Pennsylvania, the State of Rhode Island, the Commonwealth of Virginia, the State of Vermont, and the City of New York.

At the outset, Defendants object to Plaintiffs' Amended Complaint for failing to set forth a short and plain statement of the claims showing that Plaintiffs are entitled to relief, as required by Fed. R. Civ. P. 8(a)(2).  Plaintiffs have set forth 488 paragraphs spanning 106 pages, which, to a large extent, do not contain allegations of fact.  Rather, they set forth legal argument and rhetoric unnecessary and inappropriate for a complaint and which serves as an extension of Plaintiffs' argument in support of their motion for a preliminary injunction and in advance of their motion for summary judgment.  Accordingly, Defendants categorically deny the paragraphs set forth in the Amended Complaint, except as specifically noted below.

Subject to the foregoing, in response to the numbered paragraphs of the Complaint, Defendants respond as follows, using the same paragraph numbering as does the Complaint:

1.      This paragraph consists of Plaintiffs' characterization of the present action and legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

2.      The allegations in this paragraph consist of Plaintiffs' characterization of the Food and Nutrition Act of 2008, related regulatory provisions, and the Final Rule entitled *Supplemental Nutrition Assistance Program:   Requirements for Able-Bodied Adults Without Dependents*, 84 Fed. Reg. 66782 (Dec. 5, 2019) (the "Final Rule"), which speak for themselves, and therefore no response is required.   Defendants deny any characterization inconsistent with their terms.   The allegations in this paragraph otherwise consist of legal argument, to which no response is required. To the extent a response is deemed required, the allegations are denied.

3.      The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule, which speaks for itself, and therefore no response is required.   Defendants deny any characterization inconsistent with its terms.   The allegations in this paragraph otherwise consist of legal argument, to which no response is required.   To the extent a response is deemed required, the allegations are denied.

4.      The allegations in this paragraph consist of Plaintiffs' characterization of the Food and Nutrition Act of 2008 and related regulatory provisions, which speak for themselves, and therefore no response is required.   Defendants deny any characterization inconsistent with their terms.   Defendants admit that the Supplemental Nutrition Assistance Program ("SNAP") is the largest federal nutrition assistance program in the United States and offers nutrition assistance to millions of low-income individuals and families.

5.      The allegations in the first and third sentences of this paragraph consist of Plaintiffs' characterization of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRWORA") and related regulatory provisions, which speak for themselves, and therefore no response is required.   Defendants deny any characterization inconsistent with their terms. Defendants admit the second and fourth sentences.

2

6.      The allegations in this paragraph consist of Plaintiffs' characterization of statutory and regulatory provisions codified at 7 U.S.C. § 2015(o)(4) and (6) and 7 C.F.R. § 273.24(b), which speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their terms.  The allegations in this paragraph otherwise consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

7.      The allegations in this paragraph consist of Plaintiffs' characterization of various statutory and regulatory provisions and their enactment history.  These provisions and history speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their terms.

8.      The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.  The allegations in this paragraph otherwise consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

9.      The allegations in this paragraph consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  The allegations in this paragraph otherwise consist of Plaintiffs' characterization of the Final Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

10.     The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.  The allegations in this paragraph otherwise consist of

legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

11.     The allegations in this paragraph consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

12.     The allegations in this paragraph consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  The allegations in this paragraph otherwise consist of Plaintiffs' characterization of the Proposed Rule entitled *Supplemental Nutrition Assistance Program:  Requirements for Able-Bodied Adults Without Dependents*, 84 Fed. Reg. 980 (Feb. 1, 2019) ("Proposed Rule") and the Final Rule, which speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their terms.

13.     The allegations in this paragraph consist of Plaintiffs' characterization of the relief requested, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

14.     This paragraph consists of legal conclusions regarding subject-matter jurisdiction, to which no response is required.

15.     This paragraph consists of legal conclusions regarding subject-matter jurisdiction, to which no response is required.

16.     This paragraph consists of legal conclusions regarding venue, to which no response is required.

17.     Defendants admit that the District of Columbia is a sovereign municipality organized under the laws of the United States and that Karl A. Racine is the Attorney General of the District of Columbia.  Defendants otherwise lack knowledge or information sufficient to form

a belief as to the truth of the allegations in this paragraph, which cover matters of municipal government and municipal law.

18.     Defendants admit the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, which cover matters of state government and state law.

19.     Defendants admit that the State of California is a sovereign state of the United States of America and that Xavier Becerra is the Attorney General of California.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which cover matters of state government and state law.

20.     Defendants admit that the State of Colorado is a sovereign state of the United States of America and that Philip J. Weiser is the Attorney General of Colorado.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, which cover matters of state government and state law.

21.     Defendants admit the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, which cover matters of state government and state law.

22.     Defendants admit the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of this paragraph, which cover matters of state government and state law.

23.     Defendants admit the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder this paragraph, which cover matters of state government and state law.

24.     Defendants admit the first two sentences of this paragraph.  Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence, which cover matters of state government and state law.

25.     Defendants admit the first sentence of this paragraph.  With respect to the second sentence, Defendants admit only that Maura Healey is the Attorney General of Massachusetts. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, which cover matters of state government and state law.

26.     Defendants admit the first sentence of this paragraph.  With respect to the second sentence, Defendants admit only that Dana Nessel is the Attorney General of Michigan. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, which cover matters of state government and state law.

27.     Defendants admit the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, which cover matters of state government and state law.

28.     Defendants admit the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, which cover matters of state government and state law.

29.     Defendants admit the first sentence of this paragraph.  With respect to the second sentence, Defendants admit only that Gurbir S. Grewal is the Attorney General of New Jersey. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, which cover matters of state government and state law.

30.     Defendants admit the first sentence of this paragraph.  With respect to the second sentence of this paragraph, Defendants admit only that Hector Balderas is the Attorney General of New Mexico.  Defendants otherwise lack knowledge or information sufficient to form a belief as

to the truth of the allegations in this paragraph, which cover matters of state government and state law.

31.     Defendants admit the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, which cover matters of state government and state law.

32.     Defendants admit the first sentence of this paragraph.  With respect to the second sentence, Defendants admit only that Josh Shapiro is the Attorney General of Pennsylvania. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which cover matters of state government and state law.

33.     With respect to the first sentence of this paragraph, Defendants admit only that the State of Rhode Island is a sovereign state of the United States of America and that Peter Neronha is the Attorney General of Rhode Island.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which cover matters of state government and state law.

34.     Defendants admit the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, which cover matters of state government and state law.

35.     Defendants admit the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, which cover matters of state government and state law.

36.     Defendants admit the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of this paragraph, which cover matters of state government and state law.

37.     Admitted.

38.     Defendants admit the first sentence of this paragraph.  With respect to the second sentence, the duties and responsibilities of the Secretary of Agriculture are specified in 7 U.S.C. § 2204.  The third sentence consists of Plaintiffs' characterization of this action, to which no response is required.

39.     This paragraph consists of Plaintiffs' characterization of this action, to which no response is required.

40.     This paragraph consists of Plaintiffs' legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

41.     This paragraph consists of Plaintiffs' characterization of the Food and Nutrition Act of 2008, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

42.     This paragraph consists of Plaintiffs' characterization of the Food and Nutrition Act of 2008, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

43.     This paragraph consists of Plaintiffs' characterization of the Food and Nutrition Act of 2008 and related regulatory provisions, which speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their terms.

44.     Defendants admit the first sentence of this paragraph.  The remainder of this paragraph consists of Plaintiffs' characterization of PRWORA, related regulatory provisions, and related legislative history, which speak for themselves, and therefore no response is required.

Defendants deny any characterization inconsistent with their terms.

45.     This paragraph consists of Plaintiffs' characterization of PRWORA and a guidance document issued by USDA entitled *Guidance for States Seeking Waivers for Food Stamp Limits* (Dec. 3, 1996) (the "1996 Guidance"), which speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their terms.

46.     This paragraph consists of Plaintiffs' characterization of the Balanced Budget Act of 1997, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

47.     This paragraph consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

48.     Admitted.

49.     This paragraph consists of Plaintiffs' characterization of the 1996 Guidance and the regulatory provisions codified at 7 C.F.R. § 273.24, which speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their terms.

50.     This paragraph consists of Plaintiffs' characterization of the 1996 Guidance and the regulatory provisions codified at 7 C.F.R. § 273.24, which speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their terms.

51.     This paragraph consists of Plaintiffs' characterization of the regulatory provisions codified at 7 C.F.R. § 273.24, which speak for themselves, and therefore no response is required. Defendants deny any characterization inconsistent with their terms.

52.     This paragraph consists of Plaintiffs' characterization of the 1996 Guidance and the regulatory provisions codified at 7 C.F.R. § 273.24, which speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their terms.  The

paragraph otherwise consists of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

53.      Defendants deny the first sentence of this paragraph.  Defendants admit the second sentence.

54.      This paragraph consists of Plaintiffs' characterization of various statutes, which speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their terms.

55.      This paragraph consists of legal argument, to which no response is required.  To the extent a response is required, the allegations are denied.

56.      This paragraph consists of Plaintiffs' characterization of the Agriculture and Nutrition Act of 2018, H.R. 2, 115th Congress (the "2018 Farm Bill"), which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

57.      This paragraph consists of Plaintiffs' characterization of the amendment of the Senate to the 2018 Farm Bill, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

58.      This paragraph consists of Plaintiffs' characterization of the Agriculture Improvement Act of 2018 and related legislative history, which speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their terms.

59.      Defendants admit that the Agriculture Improvement Act of 2018 was signed into law by the President on December 20, 2018.

60.      Defendants admit only that on December 20, 2018, USDA issued a press release

announcing the Proposed Rule.   The remainder of the allegations consist of Plaintiffs' characterization of and argument regarding regulatory provisions codified at 7 C.F.R. § 273.24 and the Agriculture Improvement Act of 2018, which speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their terms.

61.     With respect to the first sentence of this paragraph, Defendants admit only that the Proposed Rule was issued on February 1, 2019.   The second sentence consists of Plaintiffs' characterization of the Proposed Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

62.     This paragraph consists of Plaintiffs' characterization of the Proposed Rule and Executive Order No. 13,828 entitled "Reducing Poverty in America by Promoting Opportunity and Economic Mobility," which speak for themselves, and therefore no response is required. Defendants deny any characterization inconsistent with their terms.

63.     This paragraph consists of Plaintiffs' characterization of Executive Order No. 13,828 entitled "Reducing Poverty in America by Promoting Opportunity and Economic Mobility," which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

64.     This paragraph consists of legal argument, to which no response is required.  To the extent a response is required, the allegations are denied.

65.     This paragraph consists of Plaintiffs' characterization of the Proposed Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

66.     This paragraph consists of Plaintiffs' characterization of the Proposed Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization

inconsistent with its terms.

67.     Defendants admit only that USDA received more than 100,000 comments on the Proposed Rule.  The remainder of the allegations consists of Plaintiffs' characterization of the comments to the proposed Rule, which speak for themselves, and therefore no response is required. Defendants deny any characterization inconsistent with their contents.

68.     With respect to the first sentence of this paragraph, Defendants admit that USDA published the Final Rule on December 5, 2019.  The remainder of this paragraph consists of Plaintiffs' characterization of the Final Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

69.      This paragraph consists of Plaintiffs' characterization of the Final Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

70.     This paragraph consists of Plaintiffs' characterization of the Proposed Rule and Final Rule, which speaks for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their terms.

71.     This paragraph consists of Plaintiffs' characterization of and argument regarding the statutory provision codified at 7 C.F.R. § 2015(o)(4), which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

72.     This paragraph consists of Plaintiffs' characterization of the Final Rule and the statutory provision codified at 7 U.S.C. § 2015(o)(4), which speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their terms.  The allegations otherwise consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

73.     This paragraph consists of Plaintiffs' characterization of the Final Rule and the statutory provision codified at 7 U.S.C. § 2015(o)(4), which speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their terms.  The allegations otherwise consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

74.     This paragraph consists of Plaintiffs' characterization of the statutory provision codified at 42 U.S.C. § 254c-15(e)(2), which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.  The allegations otherwise consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

75.     This paragraph consists of Plaintiffs' characterization of the regulatory provision codified at 7 C.F.R. § 273.24(f)(6), which speaks for itself, and therefore no response is required. Defendants deny any characterization inconsistent with its terms.

76.     This paragraph consists of Plaintiffs' characterization of the Final Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.  The allegations otherwise consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

77.     This paragraph consists of Plaintiffs' characterization of the Final Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.  The allegations otherwise consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

78.     This paragraph consists of Plaintiffs' characterization of the statutory provision codified at 7 U.S.C. § 2015(o)(4), which speaks for itself, and therefore no response is required.

Defendants deny any characterization inconsistent with its terms.   The allegations otherwise consist of legal argument, to which no response is required.   To the extent a response is deemed required, the allegations are denied.

79.     This paragraph consists of Plaintiffs' characterization of the regulatory provision codified at 7 C.F.R. § 273.24(f)(6) and the Final Rule, which speak for themselves, and therefore no response is required.   Defendants deny any characterization inconsistent with their terms.

80.     This paragraph consists of Plaintiffs' characterization of the statutory provision codified at 7 U.S.C. § 2015(o)(4), which speaks for itself, and therefore no response is required. Defendants deny any characterization inconsistent with its terms.   The allegations otherwise consist of legal argument, to which no response is required.   To the extent a response is deemed required, the allegations are denied.

81.     This paragraph consists of Plaintiffs' characterization of the Final Rule, which speaks for itself, and therefore no response is required.   Defendants deny any characterization inconsistent with its terms.   The allegations otherwise consist of legal argument, to which no response is required.   To the extent a response is deemed required, the allegations are denied.

82.     This paragraph consists of Plaintiffs' characterization of the Final Rule and the 2018 Farm Bill, which speak for themselves, and therefore no response is required.   Defendants deny any characterization inconsistent with their terms.   The allegations otherwise consist of legal argument, to which no response is required.   To the extent a response is deemed required, the allegations are denied.

83.     This paragraph consists of Plaintiffs' characterization of the Final Rule and the 2018 Farm Bill, which speak for themselves, and therefore no response is required.   Defendants deny any characterization inconsistent with their terms.   The allegations otherwise consist of legal

argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

84.     This paragraph consists of Plaintiffs' characterization of the Final Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.  The allegations otherwise consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

85.     This paragraph consists of Plaintiffs' characterization of the 2017 Tax Cuts and Jobs Act, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.  The allegations otherwise consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

86.     This paragraph consists of Plaintiffs' characterization of the statutory and regulatory provisions codified at 7 U.S.C. § 2015(o)(6) and 7 C.F.R. 273.24, which speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their terms.

87.     This paragraph consists of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

88.     This paragraph consists of Plaintiffs' characterization of the Final Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.  The allegations otherwise consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

89.     This paragraph consists of Plaintiffs' characterization of the Agriculture Improvement Act of 2018 and related legislative history, which speak for themselves, and

therefore no response is required.  Defendants deny any characterization inconsistent with their terms.  The allegations otherwise consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

90.     This paragraph consists of Plaintiffs' characterization of the Agriculture Improvement Act of 2018, which speaks for itself, and therefore no response is required. Defendants deny any characterization inconsistent with its terms.  The allegations otherwise consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

91.     This paragraph consists of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

92.     This paragraph consists of Plaintiffs' characterization of the regulatory provision codified at 7 C.F.R. § 273.24(f)(2), which speaks for itself, and therefore no response is required. Defendants deny any characterization inconsistent with its terms.

93.     This paragraph consists of Plaintiffs' characterization of the Proposed Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

94.     The first sentence of this paragraph consists of Plaintiffs' characterization of and argument regarding unspecified comments to the Proposed Rule, which speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their contents.  The second sentence consists of Plaintiffs' characterization of a comment submitted by the Attorneys General of the District of Columbia, California, Connecticut, Guam, Hawaii, Illinois, Iowa, Kentucky, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon, Pennsylvania, Rhode Island, Vermont, and Washington, which

speaks for itself, and therefore no response is required.  Defendants respectfully refer the Court to the comment for a true and accurate statement of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence.

95.     This paragraph consists of Plaintiffs' characterization of the Final Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

96.     This paragraph consists of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

97.     This paragraph consists of Plaintiffs' characterization of the Final Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

98.     This paragraph consists of Plaintiffs' characterization of the regulatory provision codified at 7 C.F.R. § 273.24(f), which speaks for itself, and therefore no response is required. Defendants deny any characterization inconsistent with its terms.

99.     This paragraph consists of Plaintiffs' characterization of the Proposed Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

100.    The first sentence of this paragraph consists of Plaintiffs' characterization of and argument regarding comments to the Proposed Rule, which speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

101.    This paragraph consists of Plaintiffs' characterization of the Final Rule, which

speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

102.    This paragraph consists of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

103.    This paragraph consists of Plaintiffs' characterization of the Proposed Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

104.    This paragraph consists of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

105.    This paragraph consists of Plaintiffs' characterization of the Proposed Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

106.    This paragraph consists of Plaintiffs' characterization of the Proposed Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.  The allegations otherwise consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

107.    This paragraph consists of Plaintiffs' characterization of the Proposed Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

108.    This paragraph consists of Plaintiffs' characterization of the Proposed Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.  The allegations otherwise consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

109.     This paragraph consists of Plaintiffs' characterization of the Proposed Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

110.     This paragraph consists of Plaintiffs' characterization of the Proposed Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.  The allegations otherwise consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

111.     This paragraph consists of Plaintiffs' characterization of the Proposed Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.  The allegations otherwise consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

112.     This paragraph consists of Plaintiffs' characterization of the Proposed Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

113.     This paragraph consists of Plaintiffs' characterization of the Proposed Rule and the comments thereto, which speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their terms.

114.     This paragraph consists of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

115.-184. Defendants deny that the statements set forth in these paragraphs, which appear under an argumentative heading that "The Final Rule is Arbitrary and Capricious," constitute a short and plain statement of the claims showing that Plaintiffs are entitled to relief, as required under Fed. R. Civ. P. 8(a)(2).  Plaintiffs' statements are prolix and reflect legal argument and

rhetorical commentary unnecessary and inappropriate for a complaint and more suited for a legal brief. Defendants are not required to parse Plaintiffs' rhetoric and argumentative statements to divine and respond to any purported factual allegations contained in these paragraphs. Accordingly, Defendants deny the statements contained in these paragraphs. Moreover, to the extent any statements contained in these paragraphs contain Plaintiffs' characterization of the Proposed Rule, the Final Rule, the administrative record, and various agency documents, these materials speak for themselves, and therefore no response is required. Defendants deny any characterization inconsistent with their terms.

185. This paragraph consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations are denied.

186. Defendants admit the first sentence of this paragraph. The second sentence consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations are denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the footnote. The footnote otherwise consists of legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations are denied.

187. Defendants admit that SNAP provides access to nutrition, improves the health of recipients, and reduces malnutrition.

188. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

189. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

190. Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

191.    Defendants deny the first sentence of this paragraph, but admit that the District of Columbia first received a waiver in 1997 and that either the District of Columbia has had a waiver of the ABAWD time limit or the ABAWD time limit was suspended pursuant to the American Recovery and Reinvestment Act of 2009 ("ARRA") in each year thereafter.  With respect to the second sentence, Defendants admit that that the District of Columbia has received a waiver based on a showing that it had a 24-month average unemployment rates at least 20% above the national average for that time period.

192.    Denied, but Defendants admit that but for the Court's preliminary injunction, the District of Columbia's current waiver would have expired on March 31, 2020.

193.    This paragraph consists of Plaintiffs' summary of data from the Department of Labor Bureau of Labor Statistics ("BLS"), which speak for themselves.  Defendants refer the Court to that data for a full and accurate statement of their contents.  The allegations otherwise consist of legal conclusions, to which no response is required.

194.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

195.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

196.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

197.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

198.    The allegations in this paragraph consist of legal argument and rhetoric, to which

no response is required.  To the extent a response is deemed required, the allegations are denied.

199.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  The allegations otherwise consist of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

200.    Defendants admit that the District of Columbia constitutes part of a Labor Market Area.  The allegations in this paragraph otherwise consist of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

201.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as the District of Columbia has not yet presented its justification for a waiver for the applicable area.  The allegations otherwise consist of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

202.    Admitted.

203.    Admitted.

204.    Admitted.

205.    Admitted.

206.    The first and second sentences of this paragraph consist of Plaintiffs' summary of BLS data, which speak for themselves.  Defendants refer the Court to that data for a full and accurate statement of their contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence, as Plaintiffs' reference to "most recent" data is insufficiently defined.

207.    Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

208.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

209.    Defendants admit that the Office of Temporary and Disability Assistance is the state agency that administers SNAP in New York.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

210.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  The allegations otherwise consist of legal argument, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

211.    Admitted.

212.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

213.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

214.    Defendants admit only that from 2008 to 2018, either California had a statewide waiver of the ABAWD time limit or the ABAWD time limit was suspended pursuant to ARRA. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

215.    Defendants admit the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

216.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as California has not yet presented its justification for a waiver for applicable areas. Defendants admit only that, under the Final Rule, States with jurisdictions

23

that do not qualify for waivers would be required to implement the ABAWD time limit in those jurisdictions.

217.    Defendants admit only that California's current waiver of the ABAWD time limit applies to Los Angeles County.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

218.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

219.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

220.    The first sentence of this paragraph consists of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences.

221.    This paragraph consists of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

222.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

223.    Admitted.

224.    Admitted.

225.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

226.    This paragraph consists of Plaintiffs' summary of BLS data, which speak for themselves.   Defendants refer the Court to that data for a full and accurate statement of their contents.

227.    This paragraph consists of Plaintiffs' summary of BLS data, which speak for themselves.   Defendants refer the Court to that data for a full and accurate statement of their contents.

228.    This paragraph consists of Plaintiffs' summary of BLS data, which speak for themselves.   Defendants refer the Court to that data for a full and accurate statement of their contents.

229.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, as Colorado has not yet presented its justification for a waiver for applicable areas.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

230.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

231.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

232.    With respect to the first sentence of this paragraph, Defendants admit that in each year since 1998, either Connecticut had a statewide or partial waiver of the ABAWD time limit or the ABAWD time limit was suspended pursuant to ARRA.   Defendants admit the second sentence. Defendants deny the third sentence, but admit that the ABAWD time limit was suspended in 2009 pursuant to ARRA.   Defendants admit the fourth sentence.   Defendants deny the fifth sentence but admit that but for the Court's preliminary injunction, Connecticut's current waiver would have

expired on March 31, 2020.

233.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  With respect to the second sentence, Defendants admit only that Connecticut previously obtained waivers for areas that do not constitute an LMA.

234.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

235.    This paragraph consists of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

236.    The first sentence of this paragraph consists of Plaintiffs' summary of BLS data, which speak for themselves.  Defendants refer the Court to that data for a full and accurate statement of their contents.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence, as Connecticut has not yet presented its justification for a waiver for applicable areas.  The third and fourth sentences consist of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fifth sentence.

237.    With respect to the first three sentences of this paragraph, Defendants admit only that Bridgeport, CT does not constitute an LMA.  The allegations otherwise consist of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence.

238.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  The allegations otherwise consist of Plaintiffs'

characterization of the Food and Nutrition Act of 2008, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with the terms of the statute.

239.    Denied, but Defendants admit that but for the Court's preliminary injunction, the Hawaii's current waiver would have expired on March 31, 2020

240.    The first sentence of this paragraph consists of Plaintiffs' summary of BLS data, which speak for themselves.  Defendants refer the Court to that data for a full and accurate statement of their contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

241.    This paragraph consists of Plaintiffs' characterization of the Final Rule and summary of BLS data, which speak for themselves.  Defendants refer the Court to those materials for a full and accurate statement of their contents.

242.    This paragraph consists of Plaintiffs' characterization of and legal conclusions regarding the Final Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

243.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  The allegations otherwise consist of legal argument and rhetoric, to which no response is required.  To the extent a response is required, the allegations are denied.

244.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  The allegations otherwise consist of legal argument and rhetoric, to which no response is required.  To the extent a response is required, the allegations are

denied.

245.    This paragraph consists of legal argument and rhetoric, to which no response is required.  To the extent a response is required, the allegations are denied.

246.    This paragraph consists of legal argument and rhetoric, to which no response is required.  To the extent a response is required, the allegations are denied.

247.    This paragraph consists of legal argument and rhetoric, to which no response is required.  To the extent a response is required, the allegations are denied.

248.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

249.    With respect to the first sentence of this paragraph, Defendants admit that in each year since 1996 either Illinois had a statewide waiver of the ABAWD time limit or the ABAWD time limit was suspended pursuant to ARRA.

250.    Defendants admit the first two sentences of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence, as Illinois has not yet presented its justification for a waiver for applicable areas.

251.    Defendants admit that the Illinois Department of Human Services is the state agency administering SNAP in Illinois.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

252.    The first sentence of this paragraph consists of Plaintiffs' summary of BLS data, which speak for themselves.  Defendants refer the Court to that data for a full and accurate statement of their contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

253.    Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

254.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

255.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

256.   Admitted.

257.   The first sentence of this paragraph consists of Plaintiffs' summary of BLS data, which speak for themselves.  Defendants refer the Court to that data for a full and accurate statement of their contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

258.   This paragraph consists of Plaintiffs' characterization of the Final Rule and summary of BLS data, which speak for themselves. Defendants refer the Court to those materials for a full and accurate statement of their contents.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as Maine has not yet presented its justification for a waiver for applicable areas.

259.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as Maine has not yet presented its justification for a waiver for applicable areas.

260.   This paragraph consists of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

261.   This paragraph consists of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

262.   With respect to the first sentence of this paragraph, Defendants admit that from

2008 through 2015, either Maryland had a statewide waiver of the ABAWD time limit or the ABAWD time limit was suspended pursuant to ARRA.  Defendants admit the second and third sentences.  Defendants deny the fourth sentence but admit that but for the Court's preliminary injunction, Maryland's current waiver would have expired on March 31, 2020.

263.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

264.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as Maryland has not yet presented its justification for a waiver for applicable areas.

265.    With respect to the first sentence of this paragraph, Defendants admit that in each year since 2009 either Massachusetts had a statewide or partial waiver of the ABAWD time limit or the ABAWD time limit was suspended pursuant to ARRA.  Defendants deny the second sentence, but admit that, to the extent Massachusetts had a statewide waiver, it was based on a determination by the Department of Labor's Unemployment Insurance Service that Massachusetts qualified for extended unemployment benefits.  With respect to third sentence, Defendants admit that Massachusetts has received a waiver for certain jurisdictions since 2016 based on a showing that those jurisdictions had a 24-month average unemployment rate at least 20% above the national average for that time period.

266.    Defendants admit the first sentence.  The second and third sentences consist of Plaintiffs' summary of BLS data, which speak for themselves.  Defendants refer the Court to that data for a full and accurate statement of their contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence, as Massachusetts has not yet presented its justification for a waiver for applicable areas.

267.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of this paragraph.  The third sentence consists of legal conclusions, to which no response is required.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence.

268.    The first sentence of this paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

269.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

270.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

271.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

272.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of this paragraph.  The third sentence consists of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

273.    The first and third sentences of this paragraph consists of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  With respect to the second sentence, Defendants admit that between 2009 and 2015, Massachusetts received a statewide waiver based on a determination by the Department of Labor's Unemployment Insurance Service that Massachusetts qualified for extended

31

unemployment benefits.

274.    Defendants admit the first sentence of this paragraph.  With respect to the second sentence, Defendants admit only that effective January 1, 2017, Michigan's waiver did not apply to four counties.  With respect to the third sentence, Defendants admit only that effective January 1, 2018, Michigan's waiver did not apply to 14 counties.

275.    Admitted.

276.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

277.    This paragraph consists of Plaintiffs' summary of BLS data, which speak for themselves.  Defendants refer the Court to that data for a full and accurate statement of their contents.  Defendants admit that that Michigan has received a waiver for certain jurisdictions based on a showing that those jurisdictions had a 24-month average unemployment rates at least 20% above the national average for that time period.

278.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as Michigan has not yet presented its justification for a waiver for applicable areas.

279.    With respect to the first sentence of this paragraph, Defendants admit that from 2009 to 2013 either Minnesota had a statewide waiver of the ABAWD time limit or the ABAWD time limit was suspended pursuant to ARRA.  Defendants admit the second sentence.

280.    Defendants admit the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, as Minnesota has not yet presented its justification for a waiver for applicable areas

281.    Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

282.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  With respect to the second sentence, Defendants admit only that in fiscal year 2019, Minnesota used 64,539 discretionary exemptions. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

283.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

284.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

285.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

286.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

287.    With respect to the first sentence of this paragraph, Defendants admit that between 2009 and 2018 either Nevada had a statewide waiver of the ABAWD time limit or the ABAWD time limit was suspended pursuant to ARRA.  Defendants admit the second sentence.  Defendants deny the third sentence but admit that but for the Court's preliminary injunction, Nevada's current waiver would have expired on March 31, 2020.

288.    Defendants admit that Nevada has received statewide waivers based on a showing that it had a 24-month average unemployment rate at least 20% above the national average for that time period.

289.    The first sentence of this paragraph consists of Plaintiffs' summary of BLS data,

which speak for themselves.  Defendants refer the Court to that data for a full and accurate statement of their contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, as Nevada has not yet presented its justification for a waiver for applicable areas.

290.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

291.     Defendants admit the first sentence of this paragraph, except that Defendants deny that New Jersey's grouping is "regional."  Defendants deny the second sentence but admit that but for the Court's preliminary injunction, New Jersey's current waiver would have expired on March 31, 2020.

292.     The first sentence of this paragraph consists of Plaintiffs' summary of BLS data, which speak for themselves.  Defendants refer the Court to that data for a full and accurate statement of their contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

293.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as New Jersey has not yet presented its justification for a waiver for applicable areas.

294.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  The allegations otherwise consist of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

295.     Denied, but Defendants admit that New Mexico previously operated under a statewide waiver that expired on February 29, 2020.

296.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

297.    This paragraph consists of Plaintiffs' summary of BLS data, which speak for themselves.  Defendants refer the Court to that data for a full and accurate statement of their contents.

298.    Defendants admit only that New Mexico has received waivers for certain jurisdictions based on a showing that those jurisdictions had a 24-month average unemployment rate at least 20% above the national average for that time period.

299.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

300.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

301.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  The allegations otherwise consist of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

302.    The first sentence of this paragraph consists of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

303.    The first sentence of this paragraph consists of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  The second sentence consists of Plaintiffs' summary of BLS data, which speak for

themselves.  Defendants refer the Court to that data for a full and accurate statement of their contents.

304.    Denied, but Defendants admit that in each year since 2008, either Oregon had a statewide or partial waiver of the ABAWD time limit or the ABAWD time limit was suspended pursuant to ARRA.

305.    Defendants admit the first two sentences.  With respect to the third sentence, Defendants admit that but for the Court's preliminary injunction, Oregon's current waiver would have expired on March 31, 2020.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence.

306.    Admitted.

307.    This paragraph consists of Plaintiffs' summary of BLS data, which speak for themselves.  Defendants refer the Court to that data for a full and accurate statement of their contents.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

308.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

309.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, as Oregon has not yet presented its justification for a waiver for applicable areas.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of this paragraph

310.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  The allegations otherwise consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are

denied.

311.    With respect to the first sentence of this paragraph, Defendants admit that since 2009 either Pennsylvania had a statewide or partial waiver of the ABAWD time limit or the ABAWD time limit was suspended pursuant to ARRA. With respect to the second sentence, Defendants admit that from 2009 to 2015 either Pennsylvania had a statewide waiver of the ABAWD time limit or the ABAWD time limit was suspended pursuant to ARRA.  With respect to the third and fourth sentences, Defendants admit only that Pennsylvania has received a waiver for certain contiguous jurisdictions and other individual jurisdictions and that Pennsylvania has received waivers for certain jurisdictions based on a showing that those jurisdictions had a 24-month average unemployment rate at least 20% above the national average for that time period. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence, as Plaintiffs have not specified the jurisdictions they reference.

312.    Denied, but Defendants admit that but for the Court's preliminary injunction, Pennsylvania's current waiver would have expired on March 31, 2020.

313.    Defendants admit the first sentence.  The remainder of this paragraph consists of Plaintiffs' summary of BLS data, which speak for themselves.  Defendants refer the Court to that data for a full and accurate statement of their contents.

314.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as Pennsylvania has not yet presented its justification for a waiver for applicable areas.

315.    This paragraph consists of Plaintiffs' characterization of the Final Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.  The allegations otherwise consist of legal argument and rhetoric, to

which no response is required. To the extent a response is deemed required, the allegations are denied.

316.    The first sentence of this paragraph consists of Plaintiffs' characterization of LMA delineations within Pennsylvania, to which no response is required. The second and fourth sentences consist of legal argument and rhetoric, to which no response is required. To the extent a response is deemed required, the allegations are denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence.

317.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, as Pennsylvania has not yet presented its justification for a waiver for applicable areas. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

318.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The allegations otherwise consist of legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations are denied.

319.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The allegations otherwise consist of legal argument and rhetoric, to which no response is required. To the extent a response is deemed required, the allegations are denied.

320.    With respect to the first sentence of this paragraph, Defendants admit that Rhode Island first received a waiver of the ABAWD time limit in 1996 and that in each year since 1996 either Rhode Island has had a statewide or partial waiver of the ABAWD time limit or the ABAWD time limit was suspended pursuant to ARRA. With respect to the second sentence, Defendants

admit that from 2008 to 2017 either Rhode Island had a statewide waiver of the ABAWD time limit or the ABAWD time limit was suspended pursuant to ARRA.  With respect to the third sentence, Defendants admit only that Rhode Island has received a waiver for certain jurisdictions based on a showing that those jurisdictions had a 24-month average unemployment rate at least 20% above the national average for that time period

321.    Defendants admit the first three sentences of this paragraph.  Defendants deny the fourth sentence but admit that but for the Court's preliminary injunction, Rhode Island's current waiver would have expired on March 31, 2020.

322.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

323.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

324.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

325.    This paragraph consists of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

326.    The first sentence of this paragraph consists of Plaintiffs' characterization of the Final Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.  The paragraph also consists of Plaintiffs' speculation and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  Defendants otherwise lack knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph.

327.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  The allegations otherwise consist of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

328.    With respect to the first sentence of this paragraph, Defendants admit that Virginia first received a waiver of the ABAWD time limit in 1996 and that in each year since 1996 either Virginia has had a statewide or partial waiver of the ABAWD time limit or the ABAWD time limit was suspended pursuant to ARRA.  With respect to the second sentence, Defendants admit that from 2009 to 2013 either Virginia had a statewide waiver of the ABAWD time limit or the ABAWD time limit was suspended pursuant to ARRA and that in other years, it had a waiver for certain jurisdictions.  With respect to the third sentence, Defendants admit only that Virginia has received waivers for certain jurisdictions based on a showing that those jurisdictions had a 24-month average unemployment rate at least 20% above the national average for that time period.

329.    Denied, but Defendants admit that but for the Court's preliminary injunction, Virginia's current waiver would have expired on March 31, 2020.

330.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as Virginia has not yet presented its justification for a waiver for applicable areas.

331.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

332.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

333.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

334.     The first sentence of this paragraph consists of Plaintiffs' summary of BLS data, which speak for themselves.  Defendants refer the Court to that data for a full and accurate statement of their contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, as Plaintiffs have not specified the jurisdictions they reference.  The allegations otherwise consist of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

335.     Defendants admit the first sentence of this paragraph.  With respect to the second sentence, Defendants admit only that Vermont's current waiver applies to 17 towns.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

336.     Denied, but Defendants admit that but for the Court's preliminary injunction, Vermont's current waiver would have expired on March 31, 2020.

337.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as Vermont has not yet presented its justification for a waiver for applicable areas.  The allegations otherwise consist of legal conclusions and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

338.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

339.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

340.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  The allegations otherwise consist of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

341.    Defendants admit that in 2014 and 2015, New York's waiver applied to the entirety of New York City.

342.    With respect to the first sentence of this paragraph, Defendants admit that New York's waiver has covered certain parts of New York City since 2016.  With respect to the second sentence, Defendants admit that New York's waiver covers the Bronx, Kings County (Brooklyn), and Richmond County (Staten Island), and that but for the Court's preliminary injunction, New York's current waiver would have expired on March 31, 2020.  The third sentence consists of Plaintiffs' summary of BLS and Census data, which speak for themselves.  Defendants refer the Court to that data for a full and accurate statement of their contents.  With respect to the fourth sentence, Defendants admit that New York's current waiver covers four Community Districts.  The fifth sentence consists of Plaintiffs' summary of BLS data, which speak for themselves.  Defendants refer the Court to that data for a full and accurate statement of their contents.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence.  Defendants admit the sixth and seventh sentences.

343.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

344.     This paragraph consists of Plaintiffs' summary of BLS data, which speak for themselves.  Defendants refer the Court to that data for a full and accurate statement of their contents.

345.     The first sentence of this paragraph consists of Plaintiffs' characterization of the Final Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.  With respect to the second and third sentences, Defendants admit that New York City is part of an LMA that includes 25 counties within New York State, New Jersey, and Pennsylvania.  The second and third sentences otherwise consist of rhetoric, to which no response is required.

346.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, as New York has not yet presented its justification for a waiver for applicable areas.  The second sentence consists of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

347.     The first sentence of this paragraph consists of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of the paragraph.

348.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

349.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

350.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

351.     Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph. The allegations otherwise consists of legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations are denied.

352. With respect to the first sentence of this paragraph, Defendants admit only that the Final Rule is expected to increase State administrative costs, due to requirements to verify work hours and send notices to SNAP participants. The allegations in this paragraph otherwise consist of legal argument and rhetoric, to which no response is required. To the extent a response is deemed required, the allegations are denied.

353. With respect to the first sentence of this paragraph, Defendants admit only that the District of Columbia's Department of Human Services is the agency administering SNAP in the District of Columbia and that the Final Rule is expected to increase State administrative costs, due to requirements to verify work hours and send notices to SNAP participants. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

354. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

355. With respect to the first sentence of this paragraph, Defendants admit only that States must inform ABAWDs of the time limit and send notices of adverse action to ABAWDs who have failed to fulfill the ABAWD work requirement. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

356. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

357. Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

358.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

359.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

360.   Defendants admit the first sentence of this paragraph.  The second sentence consists of Plaintiffs' characterization of the internal structure of state government, to which no response is required.

361.   To the extent this paragraphs purports to characterize requirements and policies regarding the administration of the ABAWD time limit set forth in statutory and regulatory provisions and USDA guidance documents, those materials speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their terms. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

362.   To the extent this paragraphs purports to characterize requirements and policies regarding the administration of the ABAWD time limit set forth in statutory and regulatory provisions and USDA guidance documents, those materials speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their terms. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

363.   Defendants admit the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of this paragraph.

364.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  With respect to the second sentence, Defendants admit only that ABAWDs must be provided notice of the time limit.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of this paragraph.

365.    With respect to the first sentence of this paragraph, Defendants admit that the Congress did not provide additional funding to States in relation to the Final Rule.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

366.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

367.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

368.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

369.    With respect to the first sentence of this paragraph, Defendants admit only that ABAWDs must be provided notice of the time limit.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

370.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

371.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

372.    Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

373.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  With respect to the second sentence, Defendants admit that States must submit SNAP E&T plans at least 45 days before the start of the federal fiscal year.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the second sentence.

374.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and fourth sentences of this paragraph.  The allegations in the third sentence consist of Plaintiffs' characterization of the Final Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

375.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

376.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  The allegations otherwise consist of rhetoric, to which no response is required.

377.    Defendants admit the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of this paragraph.  The allegations otherwise consist of legal argument, to which no response is required. To the extent a response is deemed required, the allegations are denied.

378.    Defendants admit the first sentence of this paragraph.  With respect to the second sentence, Defendants admit that the Colorado Department of Human Services is the state agency administering SNAP in Colorado.  Defendants otherwise lack knowledge or information sufficient

47

to form a belief as to the truth of the allegations in the second and third sentences.

379.    This paragraph consists of Plaintiffs' characterization of PRWORA and the Food and Nutrition Act of 2008, which speak for themselves, and therefore no response is required.  To the extent a response is deemed required, the allegations are denied.

380.    Defendants admit that States must inform ABAWDs of the time limit and send notices of adverse action to ABAWDs who have failed to fulfill the ABAWD work requirement. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

381.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

382.    With respect to the first sentence of this paragraph, Defendants admit only that States must inform ABAWDs of the time limit and send notices of adverse action to ABAWDs who have failed to fulfill the ABAWD work requirement.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

383.    With respect to the first sentence of this paragraph, Defendants admit only that the Final Rule is expected to increase State administrative costs, due to requirements to verify work hours and send notices to SNAP participants.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

384.    With respect to the first sentence of this paragraph, Defendants admit only that the Final Rule is expected to increase State administrative costs, due to requirements to verify work hours and send notices to SNAP participants.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  The other allegations in this paragraph consist of rhetoric, to which no response is required.  To the extent a

response is deemed required, the allegations are denied.

385.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

386.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

387.    Defendants admit the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of this paragraph.  The allegations otherwise consist of rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

388.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

389.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  The allegations otherwise consist of rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

390.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

391.    Defendants admit only that the Final Rule is expected to increase State administrative costs, due to requirements to verify work hours and send notices to SNAP participants.

392.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

393.    Defendants admit only that ABAWDs must be provided notice of the time limit. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.

394.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

395.     Defendants admit that the Final Rule is expected to increase State administrative costs, due to requirements to verify work hours and send notices to SNAP participants and that the Illinois Department of Human Services is the state agency administering SNAP in Illinois. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

396.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.   The allegations otherwise consist of legal argument and rhetoric, to which no response is required.   To the extent a response is deemed required, the allegations are denied.

397.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

398.     Defendants admit only that the Final Rule is expected to increase State administrative costs, due to requirements to verify work hours and send notices to SNAP participants.

399.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

400.     Defendants admit that ABAWDs must be provided notice of the time limit. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

401.     Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

402.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

403.     Defendants admit only that the Final Rule is expected to increase State administrative costs, due to requirements to verify work hours and send notices to SNAP participants.

404.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  The allegations otherwise consist of rhetoric, to which no response is required.

405.     With respect to the first sentence of this paragraph, Defendants admit only that States must inform ABAWDs of the time limit and send notices of adverse action to ABAWDs who have failed to fulfill the ABAWD work requirement.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

406.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

407.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

408.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

409.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  With respect to the second sentence, Defendants admit only that Michigan's SNAP E&T program is approved for approximately $2.3 million in direct federal funding and a target of $1.3 million in federal reimbursement funding.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of this paragraph.  The allegations otherwise consist of rhetoric, to which no response is required.

410.     Admitted.

411.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  With respect to the second sentence, Defendants admit only that the Final Rule is expected to increase State administrative costs, due to requirements to verify work hours and send notices to SNAP participants.

412.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

413.     Defendants admit that any household or individual aggrieved by an action of a State that results in ineligibility to participate in SNAP is entitled to a fair hearing.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

414.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

415.     Admitted.

416.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

417.     With respect to the first sentence of this paragraph, Defendants admit only that the Final Rule is expected to increase State administrative costs, due to requirements to verify work hours and send notices to SNAP participants.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence.  The

second sentence consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

418.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  With respect to the second sentence, Defendants admit only that States must inform ABAWDs of the time limit and send notices of adverse action to ABAWDs who have failed to fulfill the ABAWD work requirement.

419.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

420.    With respect to the first sentence of this paragraph, Defendants admit that the Congress did not provide additional funding to States in relation to the Final Rule.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

421.    Defendants admit the first and second sentences of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence.  With respect to the fourth sentence, Defendants admit only that the Final Rule is expected to increase State administrative costs, due to requirements to verify work hours and send notices to SNAP participants.

422.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

423.    With respect to the first sentence of this paragraph, Defendants admit only that the Final Rule is expected to increase State administrative costs, due to requirements to verify work hours and send notices to SNAP participants.  Defendants deny the second sentence, but admit that but for the Court's preliminary injunction, New Jersey would need to submit a waiver request for

USDA approval under the Final Rule for a waiver to be applicable beyond March 31, 2020.

424. Defendants deny the first sentence of this paragraph, but admit that but for the Court's preliminary injunction, Oregon would need to submit a waiver request for USDA approval under the Final Rule for a waiver to be applicable beyond March 31, 2020. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of this paragraph.

425. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

426. With respect to the first sentence of this paragraph, Defendants admit that the Final Rule is expected to increase State administrative costs, due to requirements to verify work hours and send notices to SNAP participants and that Congress did not provide additional funding to States in relation to the Final Rule. The second sentence consists of Plaintiffs' characterization of the Food and Nutrition Act of 2008, which speaks for itself, and therefore no response is required. Defendants deny any characterization inconsistent with its terms. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence.

427. With respect to the first sentence of this paragraph, Defendants admit only that States must inform ABAWDs of the time limit and send notices of adverse action to ABAWDs who have failed to fulfill the ABAWD work requirement. The second sentence consists of legal argument and rhetoric, to which no response is required. To the extent a response is deemed required, the allegations are denied.

428. With respect to the first sentence of this paragraph, Defendants admit only that the Final Rule is expected to increase State administrative costs, due to requirements to verify work hours and send notices to SNAP participants. Defendants otherwise lack knowledge or

information sufficient to form a belief as to the truth of the allegations in this paragraph.

429.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

430.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.   The allegations otherwise consist of Plaintiffs' characterization of the Final Rule, which speaks for itself, and therefore no response is required. Defendants deny any characterization inconsistent with its terms.

431.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentence of this paragraph.  Defendants deny the fourth sentence.

432.     With respect to the first sentence, Defendants admit that Rhode Island's Department of Human Services is the State agency that administers SNAP for the State of Rhode Island and that the Final Rule is expected to increase State administrative costs, due to requirements to verify work hours and send notices to SNAP participants. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

433.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

434.     Defendants admit only that States must inform ABAWDs of the time limit and send notices of adverse action to ABAWDs who have failed to fulfill the ABAWD work requirement. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

435.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

436.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

437.    Defendants deny the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

438.    Defendants admit only that the Final Rule is expected to increase State administrative costs, due to requirements to verify work hours and send notices to SNAP participants. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

439.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

440.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

441.    With respect to the first sentence of this paragraph, Defendants admit that the New York City Department of Social Services is the agency administering SNAP in New York City. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and the remainder of this paragraph.

442.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences this paragraph.  The second sentence consists of Plaintiffs' characterization of PRWORA, which speaks for itself, and therefore no response is required.   Defendants deny any characterization inconsistent with the terms of the statute. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

443.    Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in the first sentence of this paragraph.  With respect to the second sentence, Defendants admit that USDA reimburses States for approximately 50% of the administrative costs of administering SNAP.

444.    Admitted.

445.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

446.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

447.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

448.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

449.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

450.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

451.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

452.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  The allegations otherwise consist of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

453.    Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

454.    With respect to the first two sentences of this paragraph, Defendants admit only that SNAP benefits generate revenues to retailers.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of this paragraph.

455.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  The allegations otherwise consist of rhetoric, to which no response is required.

456.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

457.    The first sentence of this paragraph consists of Plaintiffs' characterization of publicly available USDA data regarding SNAP utilization, which speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their contents.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and the remainder of this paragraph.

458.    Admitted.

459.    With respect to the first sentence of this paragraph, Defendants admit that SNAP acts as an economic stabilizer during an economic downturn.  With respect to the second sentence, Defendants admit that the carryover of discretionary exemptions affords States some flexibility to use accumulated exemptions in future years in order to deal with changing circumstances.  The remainder of the second sentence and the third sentence otherwise consist of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

460.    This paragraph consists of legal conclusions, to which no response is required.  To

the extent a response is deemed required, the allegations are denied.

461.   This paragraph re-alleges and incorporates by reference the allegations contained in all preceding paragraphs.  To the extent a response is deemed required, Defendants incorporate their responses to the preceding paragraphs.

462.   The allegations in this paragraph consist of Plaintiffs' characterization of the Administrative Procedure Act, which speaks for itself, and therefore no response is required. Defendants deny any characterization inconsistent with the terms of the statute.

463.   Admitted.

464.   This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

465.   This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.

466.   This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

467.   This paragraph consists of Plaintiffs' characterization of the Agriculture Improvement Act of 2018, which speaks for itself, and therefore no response is required. Defendants deny any characterization inconsistent with its terms.  The allegations otherwise consist of legal argument and rhetoric, to which no response is required.

468.   This paragraph consists of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

469.   This paragraph consists of Plaintiffs' characterization of the Agriculture Improvement Act of 2018 and related legislative history, which speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their

terms.  The allegations otherwise consist of legal argument and rhetoric, to which no response is required.

470.    This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  The allegations otherwise consist of Plaintiffs' characterization of the Final Rule, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with its terms.

471.    This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

472.    This paragraph re-alleges and incorporates by reference the allegations contained in all preceding paragraphs.  To the extent a response is deemed required, Defendants incorporate their responses to the preceding paragraphs.

473.    This paragraph consists of Plaintiffs' characterization of the Administrative Procedure Act, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with the terms of the statute.

474.    This paragraph consists of Plaintiffs' characterization of the Proposed Rule and the Final Rule, which speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their terms.

475.    This paragraph consists of Plaintiffs' characterization of the Proposed Rule and the Final Rule, which speak for themselves, and therefore no response is required.  Defendants deny any characterization inconsistent with their terms.

476.    The first sentence of this paragraph consists of Plaintiffs' characterization of the Proposed Rule, which speaks for itself, and therefore no response is required.  Defendants deny

any characterization inconsistent with its terms.  The allegations otherwise consist of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

477.    This paragraph consists of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

## THIRD CLAIM FOR RELIEF

478.    This paragraph re-alleges and incorporates by reference the allegations contained in all preceding paragraphs.  To the extent a response is deemed required, Defendants incorporate their responses to the preceding paragraphs.

479.    This paragraph consists of Plaintiffs' characterization of the Administrative Procedure Act, which speaks for itself, and therefore no response is required.  Defendants deny any characterization inconsistent with the terms of the statute.

480.    This paragraph consists of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

481.    This paragraph consists of legal argument and rhetoric, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

482.    This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

*        *        *

Unless specified in Defendants' responses, Plaintiffs' footnotes constitute citations or characterizations of purported sources of information identified in those footnotes.  Therefore, no response is required, and Defendants respectfully refer the Court to those sources for a true and accurate statement of their contents.

The remainder of the Amended Complaint constitutes Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

Each and every allegation in the Amended Complaint not expressly admitted or denied is hereby denied.


Dated:  April 1, 2020                    Respectfully submitted,

                                         JOSEPH H. HUNT
                                         Assistant Attorney General

                                         DAVID M. MORRELL
                                         Deputy Assistant Attorney General

                                         ERIC R. WOMACK
                                         Assistant Branch Director

                                         */s/ Chetan A. Patil*
                                         CHETAN A. PATIL (DC 999948)
                                         LIAM HOLLAND
                                         Trial Attorneys
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         P.O. Box No. 883
                                         Ben Franklin Station
                                         Washington, D.C. 20044
                                         Tel.: (202) 305-4968
                                         Fax: (202) 616-8470
                                         Email: chetan.patil@usdoj.gov

                                         *Attorneys for Defendants*