# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA, et al., ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> AGRICULTURE, et al., ) <br> ) <br> *Defendants*. ) | C.A. No. 1:20-cv 00119-BAH |
| BREAD FOR THE CITY, et al., ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> AGRICULTURE et al., ) <br> ) <br> *Defendants*. ) | C.A. No. 1:20-cv-00127-BAH |

## MEMORANDUM IN SUPPORT OF
## APPLICATION FOR AWARD OF ATTORNEYS' FEES

Chinh Q. Le (D.C. Bar #1007037)
Jennifer F. Mezey (D.C. Bar #462724)
Nicole Dooley (D.C. Bar #1601371)*
LEGAL AID SOCIETY OF THE
DISTRICT OF COLUMBIA
1331 H Street, N.W., #350
Washington, DC 20005
Phone: (202) 628-1161
Fax: (202) 727-2132

Daniel G. Jarcho (D.C. Bar #391837)
Kelley C. Barnaby (D.C. Bar #998757)
Jean E. Richmann*
ALSTON & BIRD LLP
950 F Street, N.W.
Washington, DC 20004
Phone: (202) 239-3300
Fax: (202)239-3333

*Attorneys for Plaintiffs Damon Smith and Geneva Tann*

*Practicing pursuant to LCvR 83.2(g)

## INTRODUCTION

Plaintiffs Damon Smith and Geneva Tann apply to this Court for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The requested fee award is proper because Plaintiffs meet all the requirements for an award of attorneys' fees under EAJA, and the number of hours for which they seek fees and the hourly rate sought are reasonable and accurate.

This was not a case in which reasonable minds should disagree about the justification for the agency's contrary-to-law and arbitrary-and-capricious decision and its defense of that decision in this Court. The agency manifestly violated its requirement to consider relevant evidence contrary to its position and articulate a rational basis for its conclusions. The agency also made several contrary-to-law decisions, including its election to extend waiver boundaries beyond state lines. Such actions could never be substantially justified. Further, the hours for which Plaintiffs' counsel seek fees were reasonably expended in obtaining excellent results: securing a preliminary injunction and a final judgment invalidating USDA's Final Rule. This is precisely the type of case in which awarding fees under EAJA is proper and prudent to deter the Government from repeating its errors in future matters and to ensure the availability of counsel to protect individuals' entitlement to SNAP benefits.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In December 2019, USDA issued a Final Rule that intended to "ensure that waivers are applied on a more limited basis" by implementing "stricter criteria for waiver approvals." 84 Fed. Reg. 980, 981, 982 (proposed Feb. 1, 2019). The Rule, which (by USDA's own estimate) would terminate the SNAP benefits of "688,000 individuals (in FY2021)," was set to become effective on April 1, 2020. 84 Fed. Reg. 66,782, 66,807 (Dec. 5, 2019).

On January 16, 2020, with the elimination of SNAP benefits looming, Plaintiffs Geneva Tann and Damon Smith—both SNAP recipients—filed this action and moved for a preliminary injunction, seeking to stay implementation of the Final Rule pending the final judgment in the case. Case No. 1:20-cv-00127, Dkt. Nos. 1, 4.[1] The Government opposed this motion.

The Court held oral argument on March 5, 2020. Shortly thereafter, on March 13, 2020, this Court issued a nationwide preliminary injunction staying implementation of the waiver provisions of the Final Rule. The Court noted that the Final Rule would cause nearly 700,000 people to lose their benefits and recognized that "[e]specially now, as a global pandemic poses widespread health risks, guaranteeing that government officials at both the federal and state levels have flexibility to address the nutritional needs of residents and ensure their well-being through programs like SNAP, is essential." *District of Columbia, et al. v. United States Dep't of Agric.*, 444 F. Supp. 3d 1, 6 (D.D.C. 2020).

Thereafter, the Parties filed cross-motions for summary judgment. This Court granted Plaintiffs' motion (and denied the Government's) and entered final judgment in Plaintiffs' favor, holding that the Final Rule was arbitrary and capricious and contrary to law. The Court also held that USDA failed to provide sufficient notice of changes that it adopted in the Final Rule. The Government timely appealed this Court's final judgment on December 15, 2020. On March 23, 2021, the D.C. Circuit granted the Government's unopposed motion to dismiss the appeal and issued the mandate.[2]

---

[1] A third Plaintiff represented by undersigned counsel, Bread for the City, joined in the action but does not join this motion, because it does not satisfy the statutory net-worth criteria to qualify for a fee award. A parallel action was filed by governmental entities not represented by undersigned counsel.

[2] Plaintiffs do not seek attorneys' fees for time spent on the appeal.

3

Plaintiffs now apply for attorneys' fees under EAJA and submit an itemized accounting of the hours spent on this case. *See* Exhibits A and B.  The Legal Aid Society of the District of Columbia and Alston & Bird LLP charge no fees for legal services provided to low-income clients, including Plaintiffs. Counsel seek fees only under EAJA, which permits fee awards from the Government.  This Court previously has awarded attorneys' fees to Legal Aid under EAJA in an unrelated case.  *See, e.g.*, *Harvey v. Berryhill*, Civil Action No. 13-1957, 2017 U.S. Dist. LEXIS 90213, at *19 (D.D.C. June 13, 2017).

## ARGUMENT

**I.     Plaintiffs Meet All the Requirements for an Award of Attorneys' Fees Under EAJA.**

Under EAJA, "a court shall award to a prevailing party other than the United States fees . . . incurred by that party . . .  unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Plaintiffs are entitled to fees because "(1) [they are] the prevailing party; (2) [they have] incurred [reasonable] fees . . . ; (3) the position of the United States in the action was not substantially justified; and (4) no special circumstances make an award of fees unjust." *Brooks v. Berryhill*, Civil Action No. 15-436, 2019 U.S. Dist. LEXIS 2023, at *9-10 (D.D.C. Jan. 7, 2019).

**A.     Plaintiffs are the Prevailing Party.**

Plaintiffs are indisputably the prevailing party. The Court entered judgment in their favor, and the Government voluntarily dismissed its appeal of that judgment. *See Ass'n of Am. Physicians v. United States FDA*, 391 F. Supp. 2d 171, 174 (D.D.C. 2005) (upholding Plaintiffs as prevailing party when the district court granted summary judgment for plaintiffs and defendants voluntarily dismissed their appeal); *see also Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 966 (D.C. Cir. 2004) (To be a prevailing party, a party must obtain a "substantial part of" the relief it sought

and the lawsuit must have caused "a change in someone's primary conduct in the real world."). As a result, the challenged Final Rule never went into effect.

### B. Plaintiffs' Counsel Incurred Fees for Work Done in This Court.

"EAJA allows recovery for pro bono representation." *Roberts v. National Transportation Safety Board*, 776 F.3d 918, 922 n.2 (D.C. Cir. 2015). Because Legal Aid and Alston & Bird LLP served as Plaintiffs' pro bono counsel, Plaintiffs meet the requirement that fees be "incurred" even though their counsel charged no fees. 28 U.S.C. § 2412(d)(1)(A).

### C. The Position of the United States Was Not Substantially Justified.

To meet its burden of demonstrating that its position was substantially justified, the Government must prove that "both the underlying agency action and the arguments defending that action in court" had "a reasonable basis both in law and fact." *Halverson v. Slater*, 206 F.3d 1205, 1208 (D.C. Cir. 2000) (internal quotation marks omitted); *see also* 28 U.S.C. § 2412(d)(2)(D) ("'[P]osition of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based[.]"). The test is one of reasonableness. *Pierce v. Underwood*, 487 U.S. 552, 563 (1988). Furthermore, "[b]ecause the government's underlying position was not substantially justified, [the Court] need not address whether the government's litigation position was justified." *Meier*, 727 F.3d at 872; *accord Petty v. Berryhill*, No. 14-cv-1883, 2018 U.S. Dist. LEXIS 172529, at *9 (D.D.C. Oct. 5, 2018).

The Government cannot meet that burden. This Court held that the Final Rule was contrary to law. Although an agency's contrary-to-law action is not decisive in determining fees under the EAJA, it may "help inform the court of the reasonableness of the action and the litigation position." *National Law Center on Homelessness & Poverty v. United States Dep't of Veterans Affairs*, 799

5

F. Supp. 148, 153 (D.D.C. July 28, 1992). This Court held that several of USDA's decisions related to the Final Rule were contrary to law, including its decision to tie waiver areas to Labor Market Areas (LMAs) despite that LMAs extend across state lines (and that statutory text "firmly tethers" waiver areas to a specific state). *District of Columbia, et al. v. United States Dep't Agric.*, No. 20-cv-00119 (BAH), 2020 U.S. Dist. LEXIS 192508, at *48 (D.D.C. Oct. 18, 2020). This Court also held that the same violation was arbitrary and capricious, reasoning that USDA's decision to limit state flexibility to design waiver areas was a "solution in search of a problem." *Id.* at *58.

The Final Rule was also riddled with arbitrary and capricious decision-making that the Government failed to justify. *Tripoli Rocketry Ass'n v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 698 F. Supp. 2d 168, 177 (D.D.C. 2010) (allowing fees under the EAJA where "the agency failed 'to articulate any rationale for finding that the relevant and significant evidence in the record that conflicted with its position was unpersuasive, which it seemingly out-of-hand dismissed merely because it was contrary to [its] ultimate conclusion.'"). This Court held that several elements of USDA's Final Rule were arbitrary and capricious, including its: (1) restriction of waiver area to an LMA; (2) adoption of standard unemployment rate as the only basis to determine waiver availability; and (3) consideration of cost and disparate impact. And, to each of these decisions, "USDA did not rebut, refute or even debate these points about States' expertise," instead "the agency merely stated, 'the Department disagrees.'" *DC II,* 2020 U.S. Dist. LEXIS 192508, at *67. In the context here, the standard governing whether an agency action is arbitrary and capricious is the same as the standard governing whether an action is supported by substantial evidence. *See, e.g.*, *Ass'n of Data Processing Ser. Orgs., Inc. v. Bd. of Governors of the Fed. Reserve Sys.*, 745 F.2d 677, 683-84 (D.C. Cir. 1984) ("When the arbitrary or capricious standard is performing that function of assuring factual support, there is no substantive difference between

what it requires and what would be required by the substantial evidence test . . . ."). A determination that the Government's decision lacked substantial evidence "in most cases[] eliminates any possibility that the government's position is substantially justified" under EAJA. *Fleming v. Bowen*, 637 F. Supp. 726, 730-31 (D.D.C. 1986) (citing H.R. Rep. No. 99-120, at 9-10 (1985), which states that "[a]gency action found to be . . . unsupported by substantial evidence is virtually certain not to have been substantially justified under [EAJA]."

This Court further held that USDA failed to provide sufficient notice of changes incorporated in the Final Rule. *DC II,* 2020 U.S. Dist. LEXIS 192508, at *25–27; *see also Nat'l Venture Capital Ass'n v. Nielson*, 318 F. Supp. 3d 145, 150 (D.D.C. 2018) (Plaintiffs entitled to fees under the EAJA when defendants jettisoned notice and comment requirements). Here, in determining whether to eliminate extended unemployment benefits as a criterion, no "reference to extended unemployment benefits, let alone the potential elimination of this criterion for a State waiver request, was made in the Advance Notice of Proposed Rulemaking for the Final Rule. The Proposed Rule similarly gave no indication that such elimination was contemplated." *DC II*, 2020 U.S. Dist. LEXIS 192508 at *28. Rather than give notice, USDA did the *opposite* of what its actual notice proposed. USDA also failed to "provide adequate notice that the Final Rule would adopt LMAs as the sole measure of any waiver area." *Id.* at *38.

Finally, no special circumstances would make a fee award unjust. Plaintiffs therefore are entitled to attorneys' fees.

## II. The Number of Hours for Which Plaintiffs Seek Fees and the Hourly Rate Sought Are Reasonable and Accurate.

### 1. The Hours Expended Were Reasonably Necessary to Achieve Excellent Results for Plaintiffs.

EAJA provides for an award of "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). Whether requested fees are reasonable depends upon the "crucial factor" of the results obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983); *see also Commissioner, Immigration & Naturalization Service v. Jean*, 496 U.S. 154, 160-61 (1990) (applying *Hensley* to EAJA case). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation[.]" *Hensley*, 461 U.S. at 435. Plaintiffs' counsel obtained excellent results for them in this Court in the form of a preliminary injunction and, later, a final judgment.

Moreover, the time spent by Plaintiffs' counsel was necessary and appropriate to achieve this result. "Courts in this Circuit look to the complexity of the issue litigated to determine the reasonableness of the claim." *Lake Pilots Ass'n v. United States Coast Guard*, 310 F. Supp. 2d 333, 341 (D.D.C. 2004). When petitioners challenge administrative regulations, courts "when addressing the question of reasonableness of the hours for which compensation was sought, consider[] the 'disproportionate burden' placed on the plaintiffs due to the complexity of the regulations under challenge . . . ." *Id.* (citing *Sierra Club v. Envtl. Prot. Agency*, 769 F.2d 796, 807 (1985)). Here, Plaintiffs identified multiple errors in USDA's Final Rule, and "the case involved relatively complex issues and a large agency record." *Id.* at 342. That complexity is demonstrated in the Court's two lengthy memorandum opinions, one of which spanned 55 pages of the Federal Reporter. *Id.* ("Here, plaintiff faced a similar burden, having to identify the basis for its challenge to the defendants' Final Rule and . . . this Court's memorandum opinion consumed eighteen pages

8

in the Federal Reporter, indicating the complexity of the issues involved."). Plaintiffs' counsel were also required to review an extensive administrative record, which included over 100,000 public comments on the Final Rule, to adequately challenge it. Because USDA failed to consider and respond to comments and other record evidence, Plaintiffs' case included a "necessarily fact-intensive" analysis that "required a thorough understanding and explanation of the . . . administrative record." *Brooks v. Berryhill*, No. 1:15-cv-436, 2017 U.S. Dist. LEXIS 222396, at *34 (D.D.C. Oct. 26, 2017) (Magistrate Judge Report & Recommendation), *adopted by District Court*, 2019 U.S. Dist. LEXI 2023, at *31. Doing so necessarily took significant time.

### 1. Plaintiffs' Counsel Have Exercised Significant Billing Judgment in the Fee Request.

Plaintiffs' counsel have exercised significant "billing judgment" with respect to the hours for which fees are sought. *Hensley*, 461 U.S. at 434, 437 (internal quotation marks omitted). Counsel seek no fees for time spent communicating with Plaintiffs (beyond what was necessary to address procedural issues and Declarations in the case), time for administrative and paralegal work, and time finalizing this application for attorneys' fees. Exhibits A and B. Further, counsel performed complementary rather than duplicative tasks.  At Alston & Bird, LLP, each attorney was assigned different sections of each memorandum of law filed with the Court, and lead counsel was responsible for editing and consolidating the final versions for filing. Legal Aid provided comments on the details of the SNAP program, research and analysis of unemployment rates and LMAs, coordinated over strategy, edited final drafts, and communicated with the named Plaintiffs in connection with their Declarations filed in the case.  Although other Alston & Bird and Legal Aid attorneys and non-attorney staff worked on this case, no fees are sought for the hours they expended, including time spent cite-checking and proofreading motions and briefs,

communicating with Plaintiffs, and providing more general litigation support and supervision. *See* Attachment 2 to Exhibits A and B.

Plaintiffs also have prorated counsel's hours (to 2/3 time) to reflect that only two of the three named Plaintiffs represented by undersigned counsel are seeking fees under EAJA. (The third Plaintiff, Bread for the City, did not meet the statutory net worth criteria to qualify for EAJA fees.) *See Grason Electric Co. v. NLRB*, 951 F.2d 1100 (9th Cir. 1991) (Members of multiemployer association who were prevailing parties in unfair labor practice case are entitled to attorney fees, and assets of all members of association will not be aggregated for purpose of determining individual entitlement.)

### D. The Hourly Rate Sought Is Correct and Reasonable.

As the District of Columbia District Courts have agreed, the cost-of-living-adjusted fee rate under EAJA in Washington D.C. for 2019 is $207.50 per hour and for 2020 is $208.75 per hour. *Bethel v. Saul*, No. 18-247-TJK-ZMF, 2021 U.S. Dist. LEXIS 68776, at *16 (D.D.C. Feb. 28, 2021); *see also Haselwander v. McHugh*, 797 F.3d 1, 3 (D.C. Cir. 2015) (calculation of EAJA fee rate); Exhibit A ¶¶ 12–13; Exhibit B ¶¶ 9–10.

### CONCLUSION

For the foregoing reasons, and based on the data and calculations set forth in the Exhibits to this Memorandum, this Court should grant Plaintiffs' application for attorneys' fees in the amount of $144,692 for 1,040.7 hours at the rate of $207.50 per hour for the year 2019 and $208.75 per hour for the year 2020.

Dated: April 21, 2021

Respectfully Submitted,

/s/ *Chinh Q. Le*  /s/ *Daniel G. Jarcho*
Chinh Q. Le (D.C. Bar #1007037) Daniel G. Jarcho (D.C. Bar #391837)
Jennifer F. Mezey (D.C. Bar #462724) Kelley C. Barnaby (D.C. Bar #998757)
Nicole Dooley (D.C. Bar #1601371)* Jean E. Richmann*
LEGAL AID SOCIETY OF THE ALSTON & BIRD LLP
DISTRICT OF COLUMBIA 950 F Street, N.W.
1331 H Street, N.W., #350 Washington, DC 20004
Washington, DC 20005 Phone: (202) 239-3300
Phone: (202) 628-1161 Fax: (202) 239-3333
Fax: (202) 727-2132

*Attorneys for Plaintiffs Damon Smith and Geneva Tann*

* Practicing pursuant to LCvR 83.2(g).